IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

PATRICK GALGON                        :
    Plaintiff                         :
                                      :     JURY TRIAL DEMANDED
    v.                                :
                                      :     CASE NO.:
THERMO FISHER SCIENTIFIC,             :
INC.                                  :
      DEFENDANT                     :

## COMPLAINT

Plaintiff Patrick Galgon ("Mr. Galgon") by his attorney, George R. Barron, Esquire, for his Complaint alleges as follows:

## JURISDICTION AND VENUE

1.    This action for declaratory, injunctive, monetary and other appropriate relief is brought by named Plaintiff against the Defendant to redress intentional violations by Defendant of rights secured by the laws of the United States and the statutory and common law of the Commonwealth of Pennsylvania.

2.    Defendant wrongfully discriminated against, wrongfully terminated, and unlawfully deprived Mr. Galgon of his rights under the Age Discrimination in Employment Act of 1967, 29 U.S.C. § 621 *et seq.*

("ADEA") and the Pennsylvania Human Relations Act, 43 P.S. §951-963 *et seq.* ("PHRA")[1]

3.     Mr. Galgon filed an inquiry with the Equal Employment Opportunity Commission ("EEOC") alleging age discrimination on or about March 10, 2020,

4.     Mr. Galgon filed a formal Charge of Discrimination with the EEOC on July 15, 2020, requesting dual filing with the Pennsylvania Human Relations Commission ("PHRC"), against Defendant alleging age discrimination and retaliation in violation of the ADEA and PHRA.

5.     The EEOC issued a Right to Sue letter dated August 22, 2020.

6.     This Court has jurisdiction over this action pursuant to, *inter alia*, 28 U.S.C. §§1331 and 1367. Venue is proper in the Eastern District of Pennsylvania under 28 U.S.C. § 1391(b) because most of the events and omissions complained of occurred in this judicial district.

THE PARTIES

7.     Plaintiff Patrick Galgon is a resident of Allentown, Pennsylvania.

8.     Defendant Thermo Fisher Scientific, Inc. ("TFS") is, upon information and belief, a Delaware business corporation with a business location at 7554 Schantz Rd., Allentown, PA 18106.

---

[1] Mr. Galgon will amend this Complaint to add the PHRA counts when the administrative exhaustion requirements for those claims (passage of one year since filing) have been met.

STATEMENT OF FACTS

9.     Mr. Galgon was employed by TFS for approximately twelve (12) years, most recently as an Information Technology Analyst at TFS's Allentown, Pennsylvania location.

10.     TFS terminated Mr. Galgon's employment on or about May 8, 2020.

11.     Mr. Galgon was sixty-five (65) years of age at the time that his employment was terminated by TFS.

12.     From approximately November 2014 to November 2017, Mr. Galgon held the position of Team Lead in his department.

13     Mr. Galgon performed the duties of Team Lead to the best of his ability, and TFS did not inform Mr. Galgon of any perceived shortcomings with his performance.

14.     In or about late 2017, TFS demoted Mr. Galgon from the Team Lead position, and replaced Mr. Galgon with Daniel Lopez.

15.     As the new Team Lead. Mr. Lopez became Mr. Galgon's immediate supervisor.

16.     Upon information and belief, at the time of Mr. Galgon's termination, Mr. Lopez was approximately thirty (30) years of age, and significantly younger than Mr. Galgon.

17.    In approximately 2017.TFS began to deny Mr. Galgon pay raises and opportunities for advancement that, upon information and belief, were made available to significantly younger employees with comparable skill and experience.

18.    From approximately January 2018, to the time of Mr. Galgon's termination, the individual supervising Mr. Galgon and Mr. Lopez was John Craven, TFS's Senior Manager of Information Technology.

19.    Upon information and belief, at the time of Mr. Galgon's termination, Mr. Craven was approximately thirty-five (35) years of age, and significantly younger than Mr. Galgon.

20. `    Upon information and belief, Mr. Galgon was the oldest member of his team at TFS,

21.    Upon information and belief all of the other team members were substantially younger than Mr. Galgon, and all or most of them were under forty (40) years of age

22.    During his employment with TFS, other employees including management level employees harassed Mr. Galgon because of his age.

23.    In or about January 2020, when Mr. Galgon had difficulty seeing the serial number on a part, Mr. Lopez said "what do you expect, you're old."

24.    In or about February 2020, Mr. Lopez told Mr. Galgon, loud enough that others could hear,  "if you want something obsolete, go to Pat".

25.    Upon information and belief, TFS gave its substantially younger employees with similar performance evaluations, raises and promotions that it denied Mr. Galgon.

26.    On or about March 10, 2020, Mr. Galgon initiated an inquiry with the EEOC alleging age discrimination.

27.    On or about March 12, 2020, Mr. Galgon informed Bindiya Sullivan, FTS's Director of HR via e-mail that he had initiated a case with the EEOC alleging age discrimination by TFS, stating *inter alia* "Since I have never done this before I am unaware of the standard protocol for this. This is to inform you that I have initiated a case with the EEOC for age discrimination. My interview has been scheduled."

28.    On or about March 17, 2020, TFS told Mr. Galgon that he was being placed on a Performance Improvement Plan ("PIP"), ostensibly to help Mr. Galgon correct perceived deficiencies in his work performance.

29.    There were no deficiencies in Mr. Galgon's performance that warranted imposition of a PIP, and TFS did not discuss the proposed PIP, its implementation or objectives, with Mr. Galgon for several weeks.

30.    On or about May 4, 2020, TFS formally instituted the PIP, and provided Mr. Galgon with a written plan.

31.    On or about May 5, 2020, Mr. Galgon reiterated his allegations of unlawful discrimination and retaliation by TFS in an email to several TFS management employees, stating, *inter alia,* "It seems to me we are attempting to force me out of the company by picking and choosing what you allow you self (sic) to document while ignoring any positive contribution" and "[t]his harassment has gone on long enough. I will let the lawyers deal with it now."

32.    On or about May 8, 2020, TFS terminated Mr. Galgon's employment.

33.    TFS placed Mr. Galgon on an unwarranted PIP approximately five (5) days after Mr. Galgon informed TFS that he had begun an age discrimination complaint with the EEOC.

34.    TFS terminated Mr. Galgon's employment approximately eight (8) weeks after he first notified TFS that he had initiated a case alleging age discrimination by TFS with the EEOC.

35.    TFS terminated Mr. Galgon's employment approximately three (3) days after Mr. Galgon reminded TFS management of his allegations of unlawful discrimination and retaliation by TFS, and of his intention to pursue legal action.

36.    Upon information and belief, the TFS employees who made the decision to terminate Mr. Galgon's employment, including Mr. Craven and Mr. Lopez, were substantially younger than Mr. Galgon.

37.    Upon information and belief, after his termination, Mr. Galgon was replaced by a substantially younger individual.

38.    TFS's discriminatory and retaliatory conduct and treatment of Mr. Galgon on the basis of age, which included TFS's demotion of Mr. Galgon, TFS's harassment of Mr. Galgon, TFS's creation of a hostile work environment targeting Mr. Galgon, and TFS's imposition of unwarranted discipline against Mr. Galgon, constituted a continuing course of action that culminated in the TFS's termination of Mr. Galgon's employment.

COUNT ONE
AGE DISCRIMINATION IN VIOLATION OF
THE AGE DISCRIMINATION IN EMPLOYMENT ACT

39.    All previous paragraphs are incorporated herein by reference as if set forth in full.

40.    At all times relevant hereto, Mr. Galgon was above the age of forty (40).

41.    TFS denied Mr.Galgon raises and promotions because of Mr. Galgon's age.

42.    TFS demoted Mr. Galgon from the supervisory Team Lead role because of Mr. Galgon's age.

43.     After TFS stripped Mr. Galgon of his supervisory role, TFS replaced Mr. Galgon with Mr. Lopez, a substantially younger individual.

44.     TFS and its agents repeatedly harassed and ridiculed Mr. Galgon because of Mr. Galgon's age, creating a hostile work environment.

45.     TFS subjected Mr. Galgon to unwarranted criticism, including requiring him to participate in an unwarranted PIP, because of Mr. Galgon's age.

46.     TFS terminated Mr. Galgon's employment because of Mr. Galgon's age.

47.     TFS's discrimination against Mr. Galgon because of Mr. Galgon's age was willful and intentional.

48.     As set forth herein, TFS and its agents violated Mr. Galgon's rights under, *inter alia,* the Age Discrimination in Employment Act.

COUNT TWO
RETALIATION IN VIOLATION OF
THE AGE DISCRIMINATION IN EMPLOYMENT ACT

49.     All previous paragraphs are incorporated herein by reference as if set forth in full.

50.     On or about March 10, 2020, Mr. Galgon initiated a case with the EEOC alleging age discrimination by TFS.

51.     On or about March 12, 2020, Mr. Galgon informed TFS that he had initiated a case with the EEOC alleging age discrimination by TFS.

52.    On or about March 17, 2020, TFS told Mr. Galgon that he was being placed on a PIP.

53.    TFS instituted the PIP against Mr. Galgon in retaliation for Mr. Galgon engaging in legally protected activity including complaining of age discrimination and filing a charge alleging age discrimination with the EEOC, and to create pretext for terminating Mr. Galgon;'s employment.

54.    On or about May 4, 2020, TFS formally instituted the PIP, and provided Mr. Galgon with a written plan.

55.    On or about May 5, 2020, Mr. Galgon reiterated his allegations of unlawful discrimination by TFS in an email to several TFS management employees.

56.    On or about May 8, 2020, TFS terminated Mr. Galgon's employment.

57.    TFS terminated Mr. Galgon's employment in retaliation for Mr. Galgon engaging in legally protected activity including complaining of age discrimination and filing a charge alleging age discrimination with the EEOC.

58.    TFS's retaliation against Mr. Galgon was willful and intentional.

59.    As set forth herein, TFS and its agents violated Mr. Galgon's rights under, *inter alia,* the ADEA.

PRAYER FOR RELIEF

60.    Since his employment was terminated, Mr. Galgon has suffered lost wages, lost employment opportunities, loss of medical benefits and other fringe benefits. In addition, Mr. Galgon has suffered and will continue to suffer severe emotional and physical distress.

WHEREFORE, Mr. Galgon respectfully requests that this Court:

(a)    Enter a declaratory judgment that Defendant's action, policies, practices and procedures complained of herein have violated and continue to violate the rights of Mr. Galgon as secured by the statutes of the United States and the Constitution, statutes and common law of the Commonwealth of Pennsylvania;

(b)    Require Defendant to reinstate Mr. Galgon to a position equivalent to that which he previously held and to restore Mr. Galgon full income and benefits that he would have received had he not been the victim of Defendant's unlawful acts, or, in the alternative, award to Mr. Galgon front pay damages in an amount to be determined;

(c)    Award to Mr. Galgon damages for lost income and benefits at the same level as if he had been fully employed since his termination by Defendant;

(d)    Grant to Mr. Galgon a judgment against Defendant for liquidated damages;

(e)     Award to Mr. Galgon costs, disbursements and

reasonable attorney fees, and;

(f)     Grant to Mr. Galgon such additional relief as this Court

deems just and proper.

DEMAND FOR JURY

Plaintiff demands a jury trial for all claims triable by a jury.

<u>S/George R. Barron</u>
George R. Barron, Esquire
Counsel for Plaintiff
PA ID. # 88747
88 North Franklin Street
Wilkes Barre, PA 18701
(570) 824-3088